UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ALVIN OZORIA,

                      Defendant.

DECISION AND ORDER
01-CR-0140

---

## **INTRODUCTION**

On October 19, 2007, the defendant, Alvin Ozoria, filed a *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582 based upon his mental illness. On January 14, 2008, the defendant filed another motion under § 3582 which simply restated the arguments raised in his earlier motion. On January 17, 2008, the government filed a motion to dismiss the defendant's motions. For the reasons stated, the defendant's motions are denied and the government's motion is granted.

## **DISCUSSION**

The Court's limited authority to reduce a term of imprisonment is set forth in 18 U.S.C. § 3582(c). This subsection provides:

> [t]he court may not modify a term of imprisonment once
> it has been imposed except that–

1

>    (1) in any case--
>       (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>          (i) extraordinary and compelling reasons warrant such a reduction; or
>          (ii) the defendant is at least 70 years of age, has served at least 30 years in prison. . . and
>       (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

See 18 U.S.C. 3582(c)(1)-(2).

Defendant's request for reduction in his sentence based on his mental illness appears to fall within the category of an "extraordinary and compelling" reason under section 18 U.S.C. § 3582(c)(1)(A)(i). See U.S. v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (observing that section 3582(c)(1)(A) "arguably might encompass" defendant's claim for a reduction based on his medical condition). However, this section requires that the motion be brought by the Director of the

Bureau of Prisons. Because the Bureau of Prisons did not file the motion, this Court lacks the authority to modify the defendant's sentence under this subsection regardless of whether his mental illness is an "extraordinary and compelling" reason. See U.S. v. Morales, 353 F.Supp.2d 204, 205 (D.Mass. 2005) ("As clearly set forth in the statute. . . the Court may not award such relief unless the Director of the Bureau of Prisons moves for a reduction in the inmate's sentence.").

Moreover, even if the Court had authority, a reduction based upon the defendant's mental illness would be inappropriate because the sentencing court was well aware of the defendant's mental illness at the time of sentencing and took that factor into consideration. See Government's Motion, Dkt. 397 at ¶ 4.

Section 3582(c) grants the Court authority to modify a term of imprisonment in two other circumstances: (1) where a modification is permitted by another statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B), or (2) where the defendant was sentenced based upon a sentencing range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(B). Neither situation applies to this defendant.

Rule 35 of the Federal Rules of Criminal Procedure allows for a reduction of a sentence for substantial assistance. The defendant received a substantial substance departure at sentencing and has not alleged that a further reduction is warranted based upon cooperation occurring after the sentence was imposed.

3

Nor is a reduction of the defendant's sentence warranted because of a subsequent Sentencing Guidelines amendment reducing the defendant's sentencing range. The Sentencing Commission's retroactive amendment to USSG § 1B1.10 is inapplicable because the defendant's offense of conviction did not involve crack cocaine. The defendant was found guilty of possessing powder cocaine. The Court is unaware of any other reduction by the Sentencing Commission that would apply to the defendant.

This Court finds that none of the circumstances set forth in §3582(c) provide a basis for reducing defendant's sentence. The defendant's motion is therefore denied.

## **CONCLUSION**

For the reasons stated, defendant's motions to modify his sentence under 18 U.S.C. § 3582 are denied and the government's motion to dismiss is granted.

SO ORDERED.

          s/ *Richard J. Arcara*
          HONORABLE RICHARD J. ARCARA
          CHIEF JUDGE
          UNITED STATES DISTRICT COURT

DATED:  April   22  , 2008